IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 3, 2024

## MAMADOU DIAN DIALLO v. AMINATA CHERIF DIALLO

**Appeal from the Circuit Court for Shelby County**
**No. CT-3053-21      Valerie L Smith, Judge**

————————————————————

### No. W2023-01513-COA-R3-CV

————————————————————

This is an appeal of a final divorce decree brought by a husband acting pro se. Because the husband's brief is deficient, we determine that he has waived consideration of any issues. Accordingly, this appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and W. NEAL MCBRAYER, J., joined.

Mamadou Dian Diallo, Lawrenceville, Georgia, Pro Se.

Sam Blaiss, Memphis, Tennessee, for the appellee, Aminata Cherif Diallo.

## OPINION

### I. FACTS & PROCEDURAL HISTORY

Mamadou Dian Diallo ("Husband") and Aminata Cherif Diallo ("Wife") were married on October 5, 2017. The couple had two children born prior to the marriage. The parties separated on July 20, 2020, and Husband filed a complaint for divorce on July 29, 2021, to which Wife filed an answer and counter-complaint. A final decree of divorce was entered on October 13, 2023, in which Wife was granted a divorce on the grounds of inappropriate marital conduct. As part of that order, Wife was made the primary residential parent and Wife's request to relocate with the children to Albany, New York was granted. Wife was also awarded transitional alimony in the amount of $500.00 per month for a period of three years and alimony in solido in the amount of $21,660.00 in order to compensate her for attorney's fees and credit card debt incurred to support herself and the

children. As part of that order, the parties were also ordered to go through mediation to create a permanent parenting plan. The mediation was successful and resulted in a permanent parenting plan in which Husband was required to pay $1,541.00 per month in child support.

In its findings of fact and conclusions of law, the trial court stated that it "heard extensive testimony" during the proceedings. However, no transcript is contained in the technical record, and a statement of the evidence is also not provided. The trial court does describe some of the testimony heard from Husband, Wife, and her cousins in its conclusions of law and findings of fact. The testimony appears to have been persuasive to the trial court, and it stated that it found the testimony of Wife to be credible and the testimony of Husband to be not credible. The trial court cited this testimony several times in its ruling when discussing the best interest factors and when determining whether an award of alimony would be proper.

Husband filed this appeal. Although he was represented by counsel in the trial court, Husband has proceeded pro se on appeal.

## II. ISSUES PRESENTED

Husband failed to include any issues in his appellate brief. Wife raised the following issues in her brief which we have slightly reframed:

1. Whether Husband's brief was deficient so as to waive any issues.
2. If Husband's brief was not deficient, then whether the trial court acted properly in making its awards of primary residential parent, parenting time, alimony, and child support; and in deciding to permit Wife to relocate with the children.
3. Whether this appeal is frivolous so as to justify an award of attorney's fees.

## III. DISCUSSION

To begin, we acknowledge that Husband is proceeding pro se in this appeal. A pro se litigant that is untrained in the law is granted a level of "leeway" when drafting court documents. *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003); *Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003). This is to ensure that pro se litigants are granted "fair and equal treatment by the courts." *Hessmer*, 130 S.W.3d at 903; *Young*, 130 S.W.3d at 62. However, the balance of fairness to the pro se litigant and the pro se litigant's adversary must be maintained. *Hessmer*, 138 S.W.3d at 903-04; *Young*, 130 S.W.3d at 63. A pro se litigant may not shift the burden of asserting and proving an error by the trial court onto the appellate court as that would be patently unfair to the pro se litigant's adversary. *Hessmer*, 138 S.W.3d at 904; *Young*, 130 S.W.3d at 63. Further, "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer*, 138 S.W.3d

at 903; *Young*, 130 S.W.3d at 63.

Thus, we will scrutinize the documents submitted by Husband less stringently than had they been submitted by an attorney and will seek to give effect to the substance of any arguments presented. However, we will require Husband to present and argue any issues in a way that is fair to Wife, and to comply with the rules of this Court.

Here, even when reading Husband's brief generously, we find that it is patently deficient. The brief fails to comply with Tennessee Rule of Appellate Procedure 27, which provides rules for writing and formatting appellate briefs. More specifically, this rule requires that parties include in their briefs:

> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
> . . . .
> (4) A statement of the issues presented for review;
> (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
> (7) An argument, which may be preceded by a summary of argument, setting forth:
>> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
>> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

Tenn. R. App. P. 27(a)(2)-(7).

Husband's brief in this matter failed to comply with these requirements. First, no table of authorities is contained in the appellant's brief in compliance with Tenn. R. App. P. 27(a)(2). Husband also failed to provide either a "Statement of the Case" or a "Statement of the Facts" in his brief as required by Tenn. R. App. P. 27(a)(5) and (6). There are also no issues properly presented for review as required by Tenn. R. App. P. 27(a)(4). We have previously stated that "[w]e consider an issue waived where it is argued in the brief but not designated as an issue." *Childress v. Union Realty Co.*, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002) (citing *Stewart v. Richmond*, Shelby Law No. 50 1987 WL 28061, at *1 (Tenn. Ct. App. Dec. 18, 1987)). Here, there is neither a section of the brief titled "Issues

Presented" setting out those issues to be reviewed by the Court nor a short statement asserting a basis upon which the judgment of the trial court is challenged. Thus, no issues were properly presented for review and any issue which could be construed to be argued in the body of the brief is thereby waived.

Further, the brief fails to comply with Tenn. R. App. P. 27(a)(7) for both the failure to cite to the record and the failure to cite to any legal authority. In addition to the failure to cite to the record, Husband also failed to cite any case, statute, or other legal authority in his brief. We have previously held that "failure to make appropriate references to the record and to cite relevant authority in the argument section the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) (citations omitted). In *Bean*, we dismissed an appeal due, in part, to the failure of the argument section of the appellate brief to "provide citations to facts in the record or provide citations of authority that support its allegations (other than the one case touching upon the issue of distribution of property)." *Id*. (parentheses present in original). Although the argument section contained in Husband's brief does exceed the length and detail of the argument section in *Bean*, it still fails to properly cite to the record or to any legal authority and is therefore deficient. Husband's brief only contains personal reasons for why he wishes the trial court would have ruled in his favor instead of Wife's. The brief does not claim any error regarding the weighing of evidence or interpretation of law by the trial court which would warrant a reversal. For these reasons, we further find that Husband has waived any issues in his brief because he failed to comply with Tenn. R. App. P. 27(a)(7).

In addition to failing to comply with Tennessee Rule of Appellate Procedure 27, Husband's brief also fails to comply with Rule 6(b) of the Court of Appeals of Tennessee. This rule states that:

> No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. Ct. App. R. 6. As previously stated, the section of the brief containing Husband's argument does not contain any citations to the record, and no citations are made to any legal authority. Husband does vaguely reference certain documents by their titles, but those documents may or may not be contained in the record. For example, on nine different pages of his brief, Husband requests that we refer to specific pages contained within "defendant's first set of interrogatories filed on November 30[,] 2021." However, no interrogatories or responses thereto are contained in the record. Due to the failure to properly cite to the record, the brief fails to comply with Tennessee Court of Appeals Rule 6.

It appears that Husband attempted to remedy some of the issues in his brief in his reply brief. The reply brief contains a table of authorities and does refer to some law, mostly that which is referenced in Wife's brief. We have previously stated where a party corrected an error with a brief in a reply brief that, "a reply brief is simply not a substitute for an initial brief to this Court." *Adler v, Double Eagle Properties Holdings, LLC*, No. W2014-01080-COA-R3-CV, 2015 WL 1543260, at *6 (Tenn. Ct. App. Apr. 2, 2015) (citing *Skinner v. Thomas*, No. M2007-01583-COA-R3-CV, 2008 WL 5204268, at *5 & n.7 (Tenn. Ct. App. Dec. 11, 2008)). In the same way here, Husband's attempt to remedy issues with the brief in the reply brief do not cure the waiver of his issues.

Because we have found that Husband waived any issues, there is no need to address Wife's second issue regarding the acts of the trial court, and that issue is pretermitted. Wife raised an additional issue as to whether she should be awarded attorney's fees for being forced to defend against a frivolous appeal. Attorney's fees may be awarded when an appeal is frivolous or taken solely for delay. Tenn. Code Ann. § 27-1-122. An appeal may be deemed frivolous when it "is 'devoid of merit,' or one in which there is little prospect that it can ever succeed." *Indus. Dev. Bd. of City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995) (quoting *Combustion Engineering, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978)). An appellate court holds discretion when determining whether an appeal is frivolous to justify an award of attorney's fees, and that discretion is "exercised 'sparingly so as not to discourage legitimate appeals.'" *Eberbach v. Eberbach*, 535 S.W.3d 467, 475 (Tenn. 2017) (quoting *Whalum v. Marshall*, 224 S.W.3d 169, 181 (Tenn. Ct. App. 2006)).

In a prior appeal in which the appellant's brief failed to comply with Rule 27(a) and the appellant did not provide either a transcript or a statement of the evidence, we have found that the "appeal had no reasonable chance of success." *Cnty. of Sumner v. Kalbes*, No. M2020-01119-COA-R3-CV, 2021 WL 4192319, at *3 (Tenn. Ct. App. Sept. 15, 2021). Similarly, Husband's brief did not include either a transcript or statement of evidence and failed to comply with Rule 27. Therefore, we find that this deficient brief and incomplete record made for an appeal which had no reasonable chance of success. We therefore remand to the trial court so that it may make a determination as to reasonable attorney's fees to be awarded to Wife.

## IV. CONCLUSION

For the reasons stated above, this appeal is dismissed. This case is remanded to the trial court for a determination of reasonable attorney's fees to be awarded to Wife. Costs of this appeal are taxed to the appellant, Mamadou Dian Diallo, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE